**EFiled: May 28 2015 03:25PM EDT**
**Transaction ID 57304769**
**Case No. 7204-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

May 28, 2015

Bradley R. Aronstam, Esquire
Ross Aronstam & Moritz LLP
100 South West Street, Suite 400
Wilmington, DE 19801

Andrew D. Cordo, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Fl.
Wilmington, DE 19801

Henry E. Gallagher, Jr., Esquire
Connolly Gallagher LLP
1000 North West Street, Suite 1400
Wilmington, DE 19801

Re: *Policemen's Annuity and Benefit Fund of Chicago, Illinois
v. DV Realty Advisors LLC*; C.A. No. 7204-VCN
Date Submitted: February 9, 2015

Dear Counsel:

Defendant DV Realty Advisors LLC ("DVRA") seeks entry of an order of

partial final judgment under Court of Chancery Rule 54(b) regarding the Court's

Order of November 24, 2014.[1]

---

[1] *See Policemen's Annuity and Benefit Fund of Chi. v. DV Realty Advisors LLC*,
2014 WL 6671118 (Del. Ch. Nov. 24, 2014) (the "Order").

* * *

In August 2012, the Court determined that the Plaintiff public employment benefit funds had properly removed DVRA as the general partner of DV Urban Realty Partners I L.P. (the "Partnership").[2] In November 2013, the Court resolved two contentions generally referred to as the Partnership Status Issue and the Capital Account Issue.[3] As to the Partnership Status Issue, the Court concluded that DVRA's general partnership interest did not convert into a limited partnership interest following its removal as general partner. As for the Capital Account Issue, the Court resolved a number of issues including that DVRA's capital account would be valued based on the fair market value of the Partnership's assets as of December 31, 2012, and that sums co-borrowed by DVRA or guaranteed by DVRA would not be part of the valuation process. Disputes about the form of implementing order resulted, but the Order, in non-final form, was entered.

---

[2] *Policemen's Annuity and Benefit Fund of Chi. v. DV Realty Advisors LLC*, 2012 WL 3548206 (Del. Ch. Aug. 16, 2012), *aff'd*, 75 A.3d 101 (Del. 2013). The appeal was taken under Rule 54(b) because the Court had retained jurisdiction over a few follow-on issues.

[3] *Policemen's Annuity and Benefit Fund of Chi. v. DV Realty Advisors LLC*, 2013 WL 6234202 (Del. Ch. Nov. 27, 2013).

DVRA's pending application that the Order be treated as final for purposes of an

appeal followed.

＊＊＊

Rule 54(b) provides:

When more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court may direct the entry of a final judgment upon 1 or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment.

The Court may enter a Rule 54(b) judgment when: "(1) the action involves

multiple claims or parties, (2) at least one claim or the rights and liabilities of at

least one party has been finally decided, and (3) [] there is no just reason for

delaying an appeal."[4]

The Partnership Status Issue has been finally resolved, and there is nothing

that is foreseeable in future proceedings before this Court that would moot an

appeal. On the other hand, although additional proceedings required with respect

---

[4] *In re Panex Indus., Inc. S'holders' Liquidating Trust*, 1999 WL 669350, at *2 (Del. Ch. Aug. 11, 1999); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). There are multiple claims. Whether one claim (or right of a party) has been finally resolved and whether there is no just reason for delay of an appeal are questions to be addressed.

to the Capital Account Issue are not likely to alter or moot the determinations the Court has already made, the Capital Account Issue has not been finally resolved. When DVRA framed this issue, it sought judgment against the Partnership for $2,574,747.[5] Whether there will be future disputes regarding that number, based on, for example, various real estate appraisals, is uncertain, but DVRA defined its claim as one for a specific sum and this proceeding has not yet advanced to the point where any particular number can be confirmed.

The Court turns to the question of whether there is "no just reason" for delaying an appeal. This is a matter for the Court's discretion. Judicial efficiency and the equities involved guide the exercise of that discretion.[6] The status of DVRA, as a limited partner or as a holder of some sort of equity interest in the Partnership, deserves appellate assessment. In addition, an Illinois action, filed by DVRA, is currently stayed pending resolution of DVRA's claim to limited partner status in this proceeding; DVRA's status will presumably determine whether or not it may pursue a derivative action.

---

[5] DVRA's Combined Response Br. Regarding Its Status as a Limited P'r and Opening Br. in Supp. of Mot. for Determination of Capital Account 22.

[6] *Curtiss-Wright*, 446 U.S. at 8.

The follow-on issues, primarily related to valuation, are not especially well-defined. Maybe very little remains or maybe some sort of appraisal process will be required. A valuation effort might turn out to be costly and time-consuming. An appeal of the Capital Account Issue would provide guidance for the parties as to what topics are necessary for final determination of this issue (or if this issue even needs to be resolved) and perhaps would avoid unnecessary time and expense. That benefit, however, is almost always present after the Court has made one of those "fork-in-the-road" decisions which will set the path for future proceedings. Finally, behind almost every application under Rule 54(b) lies some concern about piecemeal appeals. In short, the relevant factors do not tip strongly in either direction.

* * *

The Order addressed two issues: one, the Partnership Status Issue, arguably would deserve Rule 54(b) treatment; the other, the Capital Account Issue, arguably would not deserve such treatment because it is not yet final and there is no good reason to break it up into separate sub-issues for repetitive appellate review. In a sense, appellate-conferred certainty is routinely desirable, but there is no material

countervailing prejudice to DVRA if appellate review awaits conclusion of the proceedings in this Court. Given the overall context of this litigation, dividing it up would provide little immediate benefit that would distinguish it from other proceedings with an intermediate decision that one side wants to contest on appeal. The more efficient approach would be to present the dispute fully and completely to the appellate court. The Delaware Supreme Court has already heard one appeal of a Rule 54(b) judgment during the course of this litigation, and there is no significant policy that would be served by burdening it yet again. In essence, DVRA is at that point where it should decide whether it wants to challenge, in general terms, the valuation, or whether it wants to bring the proceedings in this Court to closure in order to allow for a full and complete final appeal of the outcome.

* * *

Accordingly, for the foregoing reasons, as a result of the exercise of the Court's discretion, DVRA's Motion for Entry of Partial Final Judgment is denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:    Register in Chancery-K